" DANIEL GANTT, } ASSOCIATE JUSTICES.
" SAMUEL MAXWELL, }

---

P. H. CARROLL, ALIAS HARRY CARROLL, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Practice in Criminal Cases: QUALIFICATION OF JURORS. It appearing that a person called as a juror had formed an opinion as to the guilt or innocence of the accused from reading reports of the testimony of witnesses, he is incompetent to sit in the case, although he might be willing to swear that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence.

2. ———: WITNESSES. When separate trials are awarded to parties jointly indicted, each is a competent witness for the state upon the trial of the other, without being first acquitted or convicted, and without a *nolle prosequi* being first entered upon the indictment.

3. ———: JURY VIEWING SCENE OF THE CRIME. Whenever the court makes an order that the jury view the place in which any material fact in relation to the trial may have occurred, such view should be made in the presence of the prisoner, unless he waive that privilege.

ERROR to the district court for Otoe county. The plaintiff in error was jointly indicted with one McElroy and several others, for burglary and larceny. He was tried separately, found guilty of grand larceny, and sentenced to five years imprisonment in the penitentiary. He then sued out a writ of error to this court.

*J. C. Watson, T. B. Stevenson,* and *Frank P. Ireland,* for the prisoner, cited *Curry v. State,* 4 Neb., 545. 3 Wharton Crim. Law, 3160. *State v. Bertin,* 24 La. An., 46. *Eastwood v. People,* 3 Park. Cr., 25. *Benton v. State,* Supreme Court Arkansas, Nov. Term, 1875. 3 Central Law Journal, April 21, 1876. *Sneed v. State,* 5 Ark., 431. General Statutes 582, Sec. 329. *Drake v. Barrymore,* 14 Johns., 166. *Van Deusen v. Van Slyck,* 15 Johns., 223. *Baron v. The People,* 1 Park. Cr. Rep., 246. *Myers v. The People,* 26 Ill., 173. *Gray v. The People,* Id., 344.

*J. H. Broady, District Attorney,* for the state, cited Secs. 468, 479 and 591 of the Criminal Code. *Brown v. The State,* 18 Ohio State, 496. Roscoe's Crim. Evidence, 128.

MAXWELL, J.

I. The first error assigned, is that the court erred in overruling the prisoner's challenge to the juror L. J. Holland. This juror on his *voir dire* testified as follows:

Q. You say you have heard the matter talked of on the streets, and around through the country?

Carroll v. The State.

A.   No, sir, I heard it from my neighbors mostly.

Q.   Did you read the reports of it as published in the Nebraska City Press and News?

A.   Yes, sir.

Q.   You read the evidence then?

A.   Yes, sir.

Q.   From what you have heard and read in these papers, have you formed an opinion as to the guilt or innocence of these parties ?

A.   To a certain extent, I think I did.

Q.   From the opinion that you have formed from what you have heard and read in the papers, you might possibly lean a little one way or the other?

A.   I don't think that I would.

Q.   If you did not hear any other testimony than what you have read and heard, do you think your opinion would be changed any ?

A.   I don't think it would.

Q.   Do you think that opinion you have formed would prevent you from rendering a fair and impartial verdict after hearing the law and the evidence ?

A.   I think the evidence might remove it.

Whereupon the prisoner's counsel challenged the juror for cause, which the court overruled, to which the prisoner by his counsel excepted.

Section four hundred and sixty-eight, of the criminal code, provides, that "if a juror shall state that he has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine, on oath, such juror as to the ground of such opinion; and if it shall appear to have been founded upon reading newspaper statements, communications, comments, or reports, or upon rumor, or hearsay, and not upon conversations with witnesses of the transactions, or reading reports of their testimony, or hearing them testify, and the juror shall say, on oath, that he feels

3

able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that said juror is impartial, and will render such verdict, may, in its discretion, admit such juror as competent to serve in such case." This court in construing this section of the statute in the case of *Curry v. The State*, 4 Neb., 548, say: "Before the court can exercise any discretion as to his retention upon the panel, it must be shown by an examination of the juror, on his oath, not only that his opinion was formed solely in the manner stated in this proviso, but, in addition to this, the juror must swear, unequivocally ' that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence.' "

In *Palmer v. People*, 4 Neb., 75, it is held that the "word 'opinion' in this connection is frequently used to denote a mere impression, and appears to have been so used in section 468 of the criminal code, above quoted. It is the right of a party accused of crime to be tried by a fair, unbiased jury, so that their minds may be open to those impressions, which the testimony and the law of the case ought to make."

Our constitution guarantees every one charged with crime a speedy trial before a fair and impartial jury. In *Curry v. The State, supra*, 551, the court say: "How would it be possible to reach the conclusion that a juror, who, without any qualification whatever, declares that he has a fixed and abiding conviction of the prisoner's guilt which would require evidence to remove, can be fair and impartial between the state and the accused? Would it not rather be an abuse of judicial discretion to so hold? It is very clear that a panel composed of such jurors would fall far short of fulfilling the legal requirement of a fair and impartial jury, to which an accused person is entitled."

In the case at bar, the juror, Holland, was clearly

Carroll v. The State.

incompetent to sit as a juror in the case, and for this reason the judgment of the district court must be reversed.

II. Frank McElroy was a competent witness in this case. In *Brown v. The State*, 18 Ohio State, 509, the court say: "The next question is: Was Ketchum a competent witness for the state, standing as he did jointly indicted with Brown? The authorities already cited answer this question in the affirmative. Where separate trials are awarded to parties jointly indicted, each is a competent witness for the state, upon the trial of the other without being first acquitted or convicted, and without a *nolle prosequi* being first entered upon the indictment. The objection goes to his credit, and *not to his competency.* This has been the settled law of the state for years; and surely the present is no time to change it, when the manifest tendency of our legislation is to narrow, instead of enlarging, the grounds of objection to the competency of witnesses."

III. Our statute provides that "whenever in the opinion of the court it is proper for the jury to have a view of the place in which any material fact may have occurred, it may order them to be conducted in a body, under the charge of the sheriff to the place, which shall be shown to them by some person appointed by the court." This should be done in the presence of the prisoner, unless he decline the privilege, as he is entitled to have all the evidence received by the jury taken in his presence. We see no error in the instructions of which the prisoner can complain. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.