81-496

CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY V. JOHN V. FARWELL, JR.

FILED JANUARY 3, 1900. No. 10,962.

Evidence: CONDEMNATION PROCEEDINGS: VIEW OF PREMISES. The view of the *locus in quo* by the jury is evidence, and not merely a means of enabling the jury better to construe and apply the evidence adduced in court.

ERROR from the district court of Lancaster county. Tried below before TUTTLE, J.   *Reversed.*

*W. F. Evans* and *Billingsley & Greene*, for plaintiff in error:

The jury's view of the premises is evidence in the case, and an instruction stating a different rule is error.   See *Omaha & R. V. R. Co. v. Walker*, 17 Nebr., 435; *Carroll v. State*, 5 Nebr., 35; *Washburn v. Milwaukee & L. W. R. Co.*, 59 Wis., 364; *Neilson v. Chicago, M. & N. R. Co.*, 58 Wis., 517; *Remy v. Municipality*, 12 La. Ann., 500; *Parks v. City of Boston*, 15 Pick. [Mass.], 198; *Toledo R. Co. v. Dunlap*, 47 Mich., 456; *Springfield v. Dalby*, 139 Ill., 34; *Michigan Air Line R. Co. v. Barnes*, 44 Mich., 222; *Harper v. Lexington & O. R. Co.*, 2 Dana [Ky.], 227; *Benton v. State*, 30 Ark., 328; *People v. Bush*, 10 Pac. Rep. [Cal.], 169.

*Tibbets Bros., Morey & Anderson, contra:*

A view by the jury is not evidence; but it is permitted to enable the jury to understand the evidence.   See *Wright v. Carpenter*, 49 Cal., 607; *Close v. Samm*, 27 Ia., 503; *Thompson v. Keokuk*, 61 Ia., 189; *Harrison v. Iowa M. R. Co.*, 36 Ia., 324; *Morrison v. Burlington, C. R. & N. R. Co.*, 84 Ia., 663; *Wright v. Carpenter*, 49 Cal., 609; *Jefferson-ville, M. & I. R. Co. v. Bowen*, 40 Ind., 545; *Gagg v. Vetter*, 41 Ind., 228; *Heady v. Vevay Turnpike Co.*, 52 Ind., 117; *City of Indianapolis v. Scott*, 72 Ind., 196; *Chute v. State*, 19 Minn., 281; *Seefield v. Chicago, M. & S. P. R. Co.*, 29 N. W. Rep. [Wis.], 904; *Washburn v. Milwaukee & L. W. R. Co.*, 59 Wis., 364; *Munkwitz v. Chicago, M. & S. P. R. Co.*, 64 Wis., 403; *Sasse v. State*, 68 Wis., 530; *Ground-water v. Washington*, 65 N. W. Rep. [Wis.], 871; *City of Columbus v. Bidlingmeier*, 7 O. C. C. Rep., 136; *People v. Thorn*, 156 N. Y., 286; *State v. Moran*, 15 Ore., 262; *State v. Lee Doon*, 7 Wash., 308; *State v. Reed*, 35 Pac. Rep. [Idaho], 706; *Bigelow v. Draper*, 69 N. W. Rep. [N. Dak.], 570; *Machader v. Williams*, 43 N. E. Rep. [O.], 324; *Neal v. State*, 32 Nebr., 120.

39

NORVAL, J.

The Chicago, Rock Island & Pacific Railway Company instituted condemnation proceedings in the county court to acquire right of way over and across certain real estate belonging to J. V. Farwell, Jr. Commissioners were duly appointed by the county court to assess the damages, who awarded the landowner the sum of $2,200. The railway company prosecuted an appeal to the district court, where the cause was tried to a jury, who returned a verdict in favor of Farwell in a like sum. From the judgment subsequently entered thereon he prosecuted a petition in error to this court, which was sustained, and the judgment was accordingly reversed. See *Farwell v. Chicago, R. I. & P. R. Co.*, 52 Nebr., 614, 53 Nebr., 706. A second trial in the district court terminated in a verdict and judgment for the landowner for the sum of $4,692.90, and the cause is now before us at the instance of the railway company.

During the second or last trial of this cause in the court below the jury were permitted, and directed, by the court to view the premises in controversy, and they were instructed as follows:

"9. You were sent to view the lots in question, not for the purpose of furnishing any evidence to you of their value, or that you might in any manner be made witnesses concerning such value, but for the sole purpose that you might thereby be placed in a better position to understand the testimony theretofore received. The purpose of said view is by the law thus limited, and you must consider it in no other light or for any other purpose."

An exception was taken by the railway company to this paragraph of the charge of the court, and its giving is assigned for error in this court. The instruction was faulty. The view of the premises was evidence, and it was prejudicial error to otherwise instruct the jury. As well say that the plans, photographs and diagrams of a

building which have been introduced and allowed to go before the jury are not evidence, as to hold that a view of the same building by the jurors permitted by the court is not evidence. The view of the *locus in quo* is not allowed merely to enable the jury better to understand and apply the evidence, although many courts have so decided. There is a sharp conflict in the authorities on the subject, but the sounder doctrine is contained in the following language of Thompson on Trials, sec. 893: "There is no sense in the conclusion that the knowledge which the jurors acquire by the view is not evidence in the case. The conception that what a body of jurors see themselves, relevant to the issue to be decided by them, is not evidence, but something to be considered by them in weighing oral evidence, is nonsense. What they see is evidence in a primary sense, and what is detailed to them concerning the same subject-matter by witnesses is evidence in merely a secondary sense. An objective lesson always impresses itself more vividly upon the mind than an oral lesson. Such a conclusion is tantamount to saying that they are to take the trouble of going in a body to inspect land, or other material object, out of court, and that when they come to make up their verdict they must resolutely forget the impressions acquired from such inspection. The conception that a body of freeholders, residing in the vicinity, shall view the land in controversy, in a proceeding to expropriate it for public use, and then shall put out of sight, in making their estimate of damages, their own knowledge of the value of land in that vicinity, applied to the character of the particular land as they have observed it, is also nonsense. Impressed with this view, the supreme court of Wisconsin, speaking through Lyon, J., has said: 'We understand that the object of a view is to acquaint the jury with the physical situation, condition and surroundings of the thing viewed. What they see they know absolutely. If a witness testified to anything which they know by the evidence of their senses on the view is false, they are not

bound to believe, indeed cannot believe, the witness—
and they may disregard his testimony, although no other
witness has testified on the stand to the fact as the jury
know it to be. For example, if a witness testified that a
certain farm is hilly and rugged, when the view has dis-
closed to the jury, and to every juror alike, that it is level
and smooth, or if a witness testify that a given building
was burned before the view, and the view discloses that
it had not been burned—no contrary testimony of wit-
nesses on the stand is required to authorize the jury to
find the fact as it is, in disregard of the testimony given
in court.' That court accordingly has held that the
knowledge which the jurors acquire in making the view
is evidence to be considered by them in assessing dam-
ages in a proceeding for the condemnation of land for
public use upon which they may act to the exclusion of
contradictory evidence; and similar views prevail in
other jurisdictions." In *Carroll v. State*, 5 Nebr., 31, what
the jury saw in viewing the scene of a crime was con-
sidered as evidence. *Omaha & R. V. R. Co. v. Walker*, 17
Nebr., 432, was a proceeding to assess damages to prop-
erty appropriated by the railroad company for its right
of way. One of the grounds relied upon for a reversal
was that the damages were excessive. Upon this branch
of the case the court said: "At the request of the plain-
tiff in error the jury were permitted under proper re-
strictions to view the right of way across the lands of
the several defendants, and in what way they were dam-
aged by the location of the road. Where this is permitted
it is difficult to review the judgment as being against the
weight of evidence, because all the evidence before
the jury—the view of the premises—cannot from the
nature of the case be incorporated in the record, and
in these cases there is no such discrepancy between
the evidence in the record and the verdict as to jus-
tify the court in setting them aside, which the court
would not do unless it was clear that the jury had
erred." The principle that a view of the premises

by a jury is evidence has been recognized and applied by this court in other cases which we will not take the time to cite. But it is argued that *Neal v. State*, 32 Nebr., 120, sustains the instruction of which complaint is made in the case at bar. This contention is not well founded. The question herein involved was not passed upon in the case to which reference has just been made, but rather that a defendant in a criminal case could waive the right to be present while the jury are viewing the place where the homicide occurred. We are fully convinced that the instruction quoted above was erroneous, and should not have been given. For this reason the judgment must be

REVERSED.