CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. JOHN V. FARWELL, JR.

FILED JUNE 7, 1900. No. 10,962.

1. **Locus in Quo: EVIDENCE.** The jury may take into account the result of their observations at the *locus in quo* and make it, in connection with the other evidence, the basis of their verdict.

2. ———: **INSTRUCTION TO DISREGARD.** An instruction by which the court directs the jury to disregard evidence obtained by a view of the *locus in quo* is erroneous.

ERROR to the district court for Lancaster county. Tried below before TUTTLE, J. *Reversed.*

*W. F. Evans,* and *Billingsley & Greene,* for plaintiff in error:

The view is evidence. *Carroll v. State,* 5 Nebr., 35; *Omaha & R. V. R. Co. v. Walker,* 17 Nebr., 432.

Market value of real estate is defined as the price that it will command when the purchaser is willing to buy and the owner to sell. The measure of damages, and the subject of inquiry, in a condemnation proceeding is the "market value" of land. *Chicago, R. I. & P. R. Co. v. Buel,* 56 Nebr., 205; *Chicago, B. & Q. R. Co. v. O'Connor,* 42 Nebr., 90; *Blakeley v Chicago, K. & N. R. Co.,* 25 Nebr., 207; *Chicago, K. & N. R. Co. v. Wiebe,* 25 Nebr., 542; *Omaha S. R. Co. v. Todd,* 39 Nebr., 818; *Fremont, E. & M. V. R. Co. v. Bates,* 40 Nebr., 381.

*Tibbets Bros., Morey & Anderson, contra:*

The ninth instruction of the court, as to the object of the jury's view of the premises, correctly lays down the law. Abbott, Trial Brief, 73; *Wright v. Carpenter,* 49 Cal., 607.

Even though market value be the test of damages, testimony as to value other than market value is admissible. *Davis v Northwestern R. R. Co.,* 170 Ill., 595, 48 N. E. Rep., 1058.

The compensation for land taken through the exercise of eminent domain is not necessarily restricted to the market value.

Market value is an indefinite term. "Actual value," "intrinsic value" and "market value" are terms that have been discussed by political economists, and conclusions reached are very wide apart.

SULLIVAN, J.

There was recently filed in this case an opinion holding that the information acquired by a jury in viewing the property which is the subject of litigation, or the place where any material fact occurred, is itself evidence and not merely a means by which to estimate the probative value of evidence produced in the presence of the court. *Chicago, R. I. & P. R. Co. v. Farwell,* 59 Nebr., 544. Instructed by the oral argument and excellent brief of counsel for defendant in error, we have again carefully examined the grounds of our decision, without being able to reach a conclusion different from the one already announced. Upon the question in controversy judicial opinion is divided, the greater number of adjudged cases supporting the theory that the impressions gathered by the jury in making an inspection are not evidence. This court is, we think, committed by *Carroll v. State,* 5 Nebr., 31, and *Omaha & R. V. R. Co. v. Walker,* 17 Nebr., 432, to the doctrine that the jury may take into account the result of their observations at the *locus in quo* and make it, in connection with the other evidence, the basis of their verdict. This is the rational rule; by its adoption a fact is recognized and a fiction abolished. In whatever capacity men act they will not reject the evidence of their own senses; and it is futile and almost foolish to direct them to do so. The human mind has its limitations; and neither faith in human testimony nor cautionary instructions from the presiding judge will make jurors accept as true what their own senses assure them is false. This is so plain a fact that courts have little excuse for feigning ignorance of it. Discussing this question a learned author says: "It may well be questioned whether a direction to a jury that the view is simply for the purpose of enabling them to understand and apply the testimony is of any practical value, since it is hardly probable that a jury, upon any such theoretical distinction, will ignore the facts of which they have gained personal knowledge,

or merely apply those facts to the testimony recited in court." 2 Jones, Evidence, sec. 411. The following cases which we have consulted hold that a view is substantive evidence: *Kansas City & S. W. R. Co. v. Baird,* 41 Kan., 69; *City of Topeka v. Martincau,* 42 Kan., 387; *Tully v. Fitchburg R. Co.,* 134 Mass., 499; *Smith v. Morse,* 148 Mass., 407; *Foster v. State,* 70 Miss., 755; *Rutherford v. Commonwealth,* 78 Ky., 639; *People v. Bush,* 68 Cal., 623; *Springer v. City of Chicago,* 135 Ill., 552; *Peoria Gas Light & Coke Co. v. Peoria Terminal R. Co.,* 146 Ill., 372. In the case last cited, which was a condemnation proceeding, the court said, p. 382: "It has been frequently held by this court that the results of the personal view of the premises by the jury in condemnation cases are in the nature of evidence, and may be taken into consideration by them in passing upon the testimony of the witnesses; and that where the evidence is conflicting, they may be resorted to by the jury as bearing upon the weight to be given to the variant and conflicting estimates given by the various witnesses, so that, if the verdict of the jury is supported by the evidence, it will not be disturbed simply because it is contrary to what appears to be the preponderance of the testimony." It is suggested that cases such as the one from which the foregoing excerpt is taken are not authority for the proposition that a view is evidence, because in that class of actions the right of either party to have the jury inspect the property is an absolute right. We are not able to see any reason for making a distinction between the effect of a view which, during the trial, is a demandable right of the litigants and a view which is had under an order of the court made in the exercise of its discretionary power. It would seem, on principle, that the impressions received by the jury should bear the same relation to the testimony of the witnesses in one case as in the other. The principal objection to the doctrine that a view is to be regarded as auxiliary proof is that it impairs to some extent the value of a review by appellate proceedings. In considering this

objection Professor Jones remarks "that for hundreds of years the courts have allowed jurors to inspect real and personal property, and to base their conclusions, both upon the evidence •given in court and the information obtained by their own senses." 2 Jones, Evidence, sec. 411.

It is common practice here and elsewhere to permit the jury to inspect persons and things which give mute testimony tending to establish or disprove a fact in issue. In criminal cases, and in actions to recover damages for personal injuries, wounds and lesions are frequently exhibited in court. In bastardy cases the illegitimate child has sometimes been shown to the jury. *State v. Woodruff*, 67 N. Car., 89.* In a Minnesota case the plaintiff was required to walk across the room so that the jury might see how the injury, of which he complained, affected him. *Hatfield v. St. Paul & D. R. Co.*, 33 Minn., 130. In 12 Am. & Eng. Ency. Law [1st ed.], 367, the rule upon the subject is thus stated: "It is well settled that persons and things may be produced in court for the inspection of the jury, and that articles and persons so produced form part of the evidence submitted." So it seems that the right to a review, in an appellate court, of the evidence upon which the jury have found their verdict, has never been a perfect one. Considering the extreme reluctance of courts to disturb the finding of a jury upon conflicting evidence, it must be conceded that there is no very substantial impairment of the right of review involved in the doctrine that an inspection of property is auxiliary evidence. This conclusion is not in conflict with the point actually decided in *Neal v. State*, 32 Nebr., 120, but it implies, doubtless, that the judgment in that case was wrong.

The giving of the ninth instruction was not error without prejudice. The court might, it is true, have refused

*Hutchinson v. State, 19 Nebr., 262; Ingram v. State, 24 Nebr., 33, 34, 37; Watkins v. Carlton, 10 Leigh [Va.], 560; State v. Smith, 54 Ia., 104; Warlick v. White, 76 N. Car., 175; Finnegan v. Dugan, 14 Allen [Mass.], 197; Gilmanton v. Ham, 38 N. H., 108.—REPORTER.

State v. Frank.

to award a view of the premises; but, having exercised its discretion in that behalf, it could not, on a mistaken notion of the law, strike out or impair the value of the evidence which came to the jury by the inspection.

The judgment of reversal will stand.

REVERSED AND REMANDED.