D. ALLEN CROWELL V. STATE OF NEBRASKA.

FILED OCTOBER 3, 1907. No. 14,990.

1. **Criminal Law:** EVIDENCE: INSTRUCTIONS. Evidence that the de-
fendant in a criminal case has hired or procured a witness for
the prosecution to leave the state and not appear at the trial
as a witness against him is competent as an incriminating
circumstance tending to establish his guilt; and it is proper for
the court to charge the jury that such fact is a circumstance
which may be considered by them, with all of the other evidence
in the case, in determining the guilt or innocence of the accused.

2. ———: MISCONDUCT OF JURY. The fact that the officer in charge
of a jury, in taking them to their boarding place, conducted
them along the street where the crime was alleged to have been
committed, was not such misconduct on the part of the jury as
to require a reversal of the judgment.

ERROR to the district court for Buffalo county: BRUNO
O. HOSTETLER, JUDGE. *Affirmed.*

*Hamer & Hamer,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Mar-
tin, contra.*

BARNES, J.

The plaintiff in error was convicted in the district court
for Buffalo county of the crime of burglary, and has
brought the case here for review. His contentions are but
two in number, and will be disposed of in the order in
which they are presented.

1. It is first insisted that the court erred in giving the
following instruction: "The court instructs the jury that

if you believe from the evidence that the defendant had been arrested and had his preliminary examination, and that the witness Swinyer had testified at such examination as a witness, and that thereafter the defendant hired or procured, or attempted to procure, the witness Swinyer to leave the state and not appear as a witness in the district court against the defendant, then I charge you that such conduct on the part of the defendant is a circumstance to be considered by the jury, in connection with all of the evidence in the case, in determining the guilt or innocence of the defendant." Counsel for the accused admit that the instruction correctly states the law, but contend that its effect is to single out and give undue prominence to a certain portion of the evidence, and is within the inhibition of the rule announced in *Haskins v. State,* 46 Neb. 888; *Omaha Fair & Exposition Ass'n v. Missouri P. R. Co.,* 42 Neb. 105, and *First Nat. Bank v. Lowrey Bros.,* 36 Neb. 290. From an examination we find that in *Haskins v. State* the jury were instructed, in substance, that if they found the defendant sold or attempted to sell the property he was alleged to have stolen, or any part of it, with intent to convert the proceeds thereof to his own use, the crime charged was sufficiently proved, unless the defendant should satisfactorily explain such sales, or attempted sales, and they should find the defendant guilty. It was held that the instruction shifted the burden of proof to the defendant, and was therefore erroneous. We further find that *Omaha Fair & Exposition Ass'n v. Missouri P. R. Co., supra,* has no bearing on the question here presented. Again, in *First Nat. Bank v. Lowrey Bros., supra,* the jury were told that certain things, particularly mentioned, were strong evidence of a secret trust; and it was held that it was the province of the jury to determine what weight should be given to the different items of the evidence. So, by a comparison of the instruction here complained of with those held to be erroneous in the foregoing cases, it at once appears that those cases do not

53

sustain counsel's contention. As above stated, it is conceded that the instruction contains a correct statement of the law as announced in Underhill, Criminal Evidence, sec. 121; Wharton, Criminal Evidence (8th ed.), sec. 749; 12 Cyc. 398; *Blair v. State,* 72 Neb. 501; *State v. Keith,* 47 Minn. 559. And it seems clear that, instead of invading the province of the jury, the instruction carefully guarded the rights of the accused by informing them that the fact, if they found it to exist, that the accused had for a consideration procured the absence of a particular witness could only be taken by them, when considered with all of the other evidence, as a circumstance tending to establish his innocence or guilt. We think the question is ruled by *Collins v. Commonwealth,* 75 Ky. 271, where the following instruction was approved: "The fact that the accused participated in making arrangements for one of the witnesses against him to leave the place at which the trial was in progress was a circumstance the jury might consider, just as in similar cases the flight of the accused might be considered." So we are of opinion that the instruction complained of is not erroneous.

2. Finally, it is contended that the judgment should be reversed because of misconduct of the jury. It is stated, and shown by certain affidavits, that after all of the evidence had been introduced, after the argument of counsel and after the charge of the court to the jury, the bailiff, in taking them to supper, on the evening after the completion of the trial, and before they had agreed upon their verdict, conducted them down the street where the burglary was alleged to have been committed. Two members of the jury make affidavit that, while they were not permitted to stop and examine the situation there presented, they walked slowly past the place, and made such observation as they could; that the moon was shining, and a bright electric light was burning in the center of the street at the time, and presumably the conditions were about the same as they were at the time when the burglary was alleged to have been committed. It appears that one of the

witnesses for the prosecution testified that he recognized the defendant, saw him go to the window of the feed store in question, break it, and reach in and take from the building a sack of flour. The affidavits further show. that, after the jury returned to their room, the jurymen who made them discussed the situation with their fellow jurors, and presented the argument that the light was not sufficient to enable the witness to recognize the accused. It seems, however, they were not sufficiently positive of this fact to prevent them from finally agreeing to a verdict of conviction.

It is a general rule that affidavits of jurors showing the mental process by which they arrived at their conclusion will not be received for the purpose of impeaching their verdict, and it would seem that the affidavits above mentioned should not have been considered in deciding the motion for a new trial. The rule above stated is a salutary one, and its violation cannot be too strongly condemned. But as the affidavits were received without objection, and are here before us, their effect will be considered. It is a well-established rule that irregularity or misconduct of members of a jury is not a ground for granting a new trial, where it is presumed that such misconduct did not produce injury to the moving party. The alleged misconduct in this case was the fact that the jury were conducted down the street past the place where the crime was said to have been committed. They were not taken there for the purpose of examining the premises in the absence of the defendant, and they were not permitted to stop and comment on the situation. Perhaps it would have been better if the officer had conducted them to their supper by another route, but we are not prepared to say that it was misconduct on his part in not doing so, and the only inquiry which seems pertinent is: Did the incident complained of operate to the prejudice of the accused? According to the testimony of the jurors themselves it did not. If it had any effect at all upon the jury, it seems to have in some measure shaken the confidence of

some of its members in the truth of the statement of the witness Swinyer, who claimed to have seen and recognized the accused while he was in the act of committing the crime for which he was convicted. So, instead of strengthening the evidence against the accused and rendering his conviction more certain, it seems to have had the opposite effect. In *Tudor v. Commonwealth,* 43 S. W. (Ky.) 187, it was said: "The mere fact that the jury, while in charge of the sheriff, taking exercise, went to the store where the killing occurred, for the purpose of procuring some tobacco, did not constitute the receiving of evidence out of court." In *McDonald v. State,* 15 Tex. App. 493, while considering their verdict, the jury were permitted to visit and examine the room in which the homicide was committed, and read the penal code on the subject of murder, it not being shown that they were influenced thereby in arriving at their verdict, and it was held that the complaint of misconduct was futile.

For the foregoing reasons, we are of opinion that the alleged misconduct of the jury in this case was not such as to entitle the accused to a new trial. The judgment of the district court is therefore

AFFIRMED.