LUCY E. DROLLINGER, APPELLEE, v. HASTINGS & NORTH-WESTERN RAILROAD COMPANY, APPELLANT.

FILED JUNE 18, 1915. No. 18155.

1. **Eminent Domain:** ASCERTAINMENT OF DAMAGES: VIEW OF PREMISES. Upon a trial to determine the compensation to be awarded a land-owner, where a railroad company exercises the right of eminent domain in crossing his farm, it is proper for the trial court to permit the jury to view the premises, and to take into account the result of their observations, and make it, in connection with the other evidence, the basis of their verdict.

2. ———: ———: ———: DIRECTION OF COURT. The language of the court in sending the jury to inspect the premises, set out in the opinion, *held*, a substantial compliance with the statute.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*John M. Ragan* and *Nelson H. Loomis,* for appellant.

*J. W. James* and *James E. Addie, contra.*

MORRISSEY, C. J.

The Hasting & Northwestern Railroad Company, desiring to build a railroad across a quarter-section of land owned by plaintiff, instituted condemnation proceedings in the county court of Adams county. From an award by appraisers, duly appointed, an appeal was prosecuted to the district court, where the cause was tried to a jury, and a judgment entered in favor of the plaintiff in the sum of $3,853.50. The railroad company has appealed, and its

assignments of error will be taken up in the order presented in its brief.

The jury viewed the premises, and were, under an instruction by the court, permitted, in making up their verdict, to take into consideration the knowledge thus gained. Appellant says this was a violation of section 3, art. I of the Constitution of this state, and in contravention of section 1 of the fourteenth amendment to the Constitution of the United States, saying: "When the jury took into consideration the facts that came to their knowledge from this view of the premises, and treated them as evidence, the trial judge could not act understandingly in determining whether the verdict should be set aside, and upon appeal only a part of the evidence can be embodied in the bill of exceptions, and thus this court has only a part of the evidence before it."

Rev. St. 1913, sec. 7847, provides for such view in the discretion of the court, and in *Chicago, R. I. & P. R. Co. v. Farwell,* 59 Neb. 544, this court held: "The view of the *locus in quo* by the jury is evidence, and not merely a means of enabling the jury better to construe and apply the evidence adduced in court." Upon rehearing (60 Neb. 322) this rule was adhered to, and in discussing the question Judge Sullivan, speaking for the court, said: "This is the rational rule; by its adoption a fact is recognized and a fiction abolished. In whatever capacity men act they will not reject the evidence of their own senses; and it is futile and almost foolish to direct them to do so. The human mind has its limitations; and neither faith in human testimony nor cautionary instructions from the presiding judge will make jurors accept as true what their own senses assure them is false. This is so plain a fact that courts have little excuse for feigning ignorance of it." We find no reason for departing from the rule heretofore laid down, or differing from the reasoning of the learned judge quoted.

It is next urged that the trial court did not observe the provisions of the Code in sending the jury to view the property, in that, while the statute provides that the jury

shall be conducted in a body, the jury went in different conveyances, and it is alleged that no person was appointed by the court to show the jury the premises, nor were they cautioned against forming or expressing an opinion until the cause was finally submitted to them. A reviewing court would be captious indeed in finding it error to permit the use of more than one vehicle in conveying the jury. The court told the jury they would be permitted to go with the sheriff, and in his charge, to view the premises; that conveyances would be furnished for them; that during the time they were out they should not talk to anybody about the matter nor permit others to talk to them. He said: "Of course, this property will have to be pointed out to you, but I suppose the sheriff knows where this property is. * * * You go over there and look it over together, and keep your eyes open, but do not discuss it among yourselves." This was a substantial compliance with the statute, and, if defendant desired the court to give a fuller and clearer admonition to the jury, it was its duty to have made the proper request at the time.

Finally, it is said that the verdict is excessive, and is not supported by sufficient evidence. All of the testimony shows that this was a valuable farm. Witnesses for the defendant as well as for the plaintiff place the value at from $115 to $130 an acre prior to the time of this appropriation. 5.86 acres were taken for the railroad right of way, and the farm was left in two triangular pieces. Disinterested witnesses with long experience in the real estate business, who have lived in the city of Hastings for a great many years, have placed the damages much higher than the sum awarded by the jury. It is true that witnesses for defendant have placed the damage somewhat lower, although one of defendant's witnesses makes the amount only $30 lower than that awarded by the jury. Taking the record as a whole, the verdict seems to be sustained by a preponderance of the evidence.

The proceedings are without error, and the judgment is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.