C. LAWRENCE STULL, APPELLEE, v. DEPARTMENT OF ROADS AND IRRIGATION, APPELLANT.

FILED NOVEMBER 8, 1935. No. 29366.

*William H. Wright, Attorney General,* and *Paul P. Chaney,* for appellant.

*W. A. Robertson, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

Appellant in this case commenced a condemnation proceeding in the county court of Cass county to take certain land of the appellee for a state highway. An appeal was taken to the district court where a jury returned a verdict of $3,500 against the appellant. From the overruling of its motion for a new trial the appellant brings the case to this court for review.

The record shows that appellee was the owner of 190 acres of land divided into two tracts of approximately 95 acres each by a county highway running north and south. Both tracts were crossed by the Missouri Pacific Railroad Company right of way from a northwesterly to a southeasterly direction. It is also shown that in 1927 federal-state highway 73-75 was located across that part of the land lying north of the Missouri Pacific Railroad right of way and in substantially the same general direction but

not adjoining said right of way. In October, 1933, this proceeding was commenced to take by condemnation an additional 5.76 acres from the lands north of the Missouri Pacific right of way for the purpose of improving the location of highway 73-75 before paving was constructed thereon.

The first contention of the appellant is that the court erred in refusing to give certain offered instructions on the question of an allowance or offset for special benefits that appellee received by virtue of the building of the highway. Appellee contends that there is no evidence to warrant the giving of such instructions. It is agreed by the parties, and the record so shows, that none of the witnesses called to the witness-stand testified to any special benefits received by appellee because of the construction of the new highway. Appellant contends, however, that the jury were permitted to view the premises in question, that it was apparent that special benefits did accrue to appellee, that the viewing of the premises is to be considered as evidence, and that there is therefore evidence to sustain the giving of the instructions. This court is committed to the rule that the viewing of the premises involved in litigation by the jury is evidence, and not merely a means of enabling the jury better to construe and apply the evidence adduced in court. *Chicago, R. I. & P. R. Co. v. Farwell*, 60 Neb. 322; *Drollinger v. Hastings & N. W. R. Co.*, 98 Neb. 520. However, we take the view that such evidence by itself, and in the absence of other evidence tending to sustain the issue, is not sufficient to sustain a finding or an award of damages. Such seems to be the prior holding of this court. In *Drollinger v. Hastings & N. W. R. Co., supra,* we said: "Upon a trial to determine the compensation to be awarded a landowner, where a railroad company exercises the right of eminent domain in crossing his farm, it is proper for the trial court to permit the jury to view the premises, and to take into account the result of their observations, and make it, in connection with the other evidence, the basis of their verdict." It will be noted that

the view of the premises by the jury may be considered by them in arriving at a verdict *in connection with the other evidence.* (Italics ours.) The trial court did not err in refusing the offered instructions.

Appellant contends that the trial court should have permitted evidence tending to show what was to happen to the old highway. The record shows that no offer of proof was made by which this court could determine whether or not the evidence was material. In the absence of an offer of proof, it will be presumed by this court that the trial court ruled correctly on the objection made. The rule in this state is that when to a question in direct examination of a witness an objection is interposed by the adverse party and sustained, in order to present the ruling to this court for review there must be an offer of proof of the facts sought to be put in evidence by the question to which the answer was excluded.

Appellant further contends that the judgment was excessive and cannot be sustained by the evidence. This court has held that there are two elements of damage involved in a case of this character: First, the market value of the land actually appropriated; and second, damages suffered by diminution in value of the remainder of the land, less special benefits received. *Regouby v. Dawson County Irrigation Co.,* 126 Neb. 711. The evidence shows that appellee's land that was taken was worth approximately $150 an acre. Witnesses for appellant testified that it was worth $125, while appellee placed it at $200 an acre. The great weight of the evidence is to the effect that its market value in October, 1933, did not exceed $150 an acre. As to the damages to the remaining lands the evidence is very unsatisfactory. Witnesses for both parties were permitted to testify without objection to the difference in value of the whole tract before and after the taking when, as a matter of fact, it should have been limited to the difference in value of the remainder of the land not taken before and after the taking for public use. Appellee's witnesses testify that the remaining 185 acres

were damaged from $50 to $75 an acre "straight through." That this was opinion evidence not supported by any reasonable statement of fact is apparent from the evidence. That appellee suffered damage other than the value of the property actually taken goes without saying. We must, however, bear in mind that appellee's lands had already been crossed by a railroad right of way and the former route of federal-state highway 73-75. Appellee, we can assume, has once been paid for the inconvenience caused by the old highway and the heavy traffic thereon. The fact that appellee's lands had already been cut up by a county road running north and south and a railroad and a highway running approximately from northwest to southeast materially lessens the damages that might otherwise accrue. On the other hand, the evidence shows that two small tracts, one consisting of 1.49 acres and the other of 5.87 acres, have been isolated from the main tracts by the old and new highways. That these two tracts are materially lessened in value cannot be disputed. Conceding for the sake of argument that the 5.76 acres were of the value of $150 an acre, a total of $864, we are convinced that the evidence cannot sustain a verdict of $2,636 for damages to the remainder of the land. After a consideration of all the evidence, we come to the conclusion that the verdict is so grossly disproportionate to the facts proved that a verdict of $3,500 cannot stand. The maximum allowance that can be sustained by the evidence, in our opinion, is $2,100.

We, therefore, hold that this appeal should be affirmed on condition that appellee remit the sum of $1,400 of the judgment obtained in the district court within 30 days, otherwise the judgment to be reversed and the cause remanded for a new trial.

AFFIRMED ON CONDITION.