GEORGE L. CARTER, APPELLANT, V. LOYAL PARSONS ET AL., APPELLEES.

286 N. W. 696

FILED JUNE 27, 1939.   No. 30551.

*Frank A. Peterson,* for appellant.

*Chambers, Holland & Locke, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

Plaintiff has appealed from a judgment for defendants, in an action for damages arising out of an automobile collision. At the close of the evidence both parties moved for a directed verdict, and the court thereupon discharged the jury, made a personal inspection of the scene of the accident, and dismissed plaintiff's petition.

It is contended (1) that the trial court erred in viewing the premises without the consent of the parties, and (2) that the evidence does not sustain the judgment.

The first contention is predicated on the following journal entry: "On June 9, 1938, after submission of this case, the court inspected the place of the accident taking Exhibit Number 3 with him, and this case now coming on for final decision, the court finds generally against the plaintiff on his cause of action." The exhibit referred to was a photograph of the intersection involved, which purported to show the skid marks of plaintiff's car.

Whether the court, on a trial without a jury, may view the premises without the consent of the parties is a question on which the authorities are divided. In 26 R. C. L. 1085, sec. 90, it is declared that the weight of authority is to the effect that it is error to do so. An examination of the decisions generally, however, does not sustain this statement. The doubt contained in the cases is not so much of the right to view, as of the use which the trial judge is permitted to make of the information thus acquired.

The extent of a trial court's right to view the premises, on a trial without a jury, has never been clearly defined in this state. There are a number of equity cases in which such a view has been made, but where the right of the court to do so does not appear to have been directly challenged.

*Shavlik v. Walla*, 86 Neb. 768, 126 N. W. 376; *Chapin v. Village of College View*, 88 Neb. 229, 129 N. W. 297; *Keim v. Village of Bloomington*, 119 Neb. 474, 229 N. W. 769; *Independent Stock Farm v. Stevens*, 128 Neb. 619, 259 N. W. 647; *Higgins v. Adelson*, 131 Neb. 820, 270 N. W. 502.

Logically, however, a trial judge must be held to have the same power to view the premises, on a trial without a jury, as exists in him to permit inspection on a jury trial, and such view or inspection necessarily is entitled to the same effect in both instances. Any other position would stamp a trial judge as meriting less confidence than, and as lacking the wisdom and restraint of, an ordinary jury. It would also create an absurd procedural distinction between court and jury trials.

The right of the trial court to permit inspection in jury cases is expressly recognized in section 20-1108, Comp. St. 1929, "whenever, in the opinion of the court, it is proper for the jury to have a view of property which is the subject of litigation, or of the place in which any material fact occurred." This section is merely confirmatory of the power generally recognized as existing in a trial court even apart from any statute. 26 R. C. L. 1016, sec. 13; 64 C. J. 1200. Whether a view shall be permitted does not depend upon the consent of the parties, but is a matter solely for the discretion of the trial court. *Alberts v. Husenetter*, 77 Neb. 699, 110 N. W. 657.

A view of the premises is held in this state to be evidence and not merely a means of enabling the jury better to construe and apply the evidence adduced in court. *Chicago, R. I. & P. R. Co. v. Farwell*, 59 Neb. 544, 81 N. W. 440. On rehearing, in 60 Neb. 322, 83 N. W. 71, an opinion was written by Judge Sullivan, where it was said: "We have again carefully examined the grounds of our decision, without being able to reach a conclusion different from the one already announced. Upon the question in controversy judicial opinion is divided, the greater number of adjudged cases supporting the theory that the impressions gathered by the jury in making an inspection are not evidence. This

court is, we think, committed by *Carroll v. State*, 5 Neb. 31, and *Omaha & R. V. R. Co. v. Walker*, 17 Neb. 432, to the doctrine that the jury may take into account the result of their observations at the *locus in quo* and make it, in connection with the other evidence, the basis of their verdict. This is the rational rule; by its adoption a fact is recognized and a fiction abolished. In whatever capacity men act they will not reject the evidence of their own senses; and it is futile and almost foolish to direct them to do so."

The rule which was thus adopted has been reaffirmed in *Drollinger v. Hastings & N. W. R. Co.*, 98 Neb. 520, 153 N. W. 619, *Stull v. Department of Roads and Irrigation*, 129 Neb. 822, 263 N. W. 148, and *Rundall v. Grace*, 132 Neb. 490, 272 N. W. 398.

In *Stull v. Department of Roads and Irrigation, supra*, it was said: "This court is committed to the rule that the viewing of the premises involved in litigation by the jury is evidence, and not merely a means of enabling the jury better to construe and apply the evidence adduced in court. * * * However, we take the view that such evidence by itself, and in the absence of other evidence tending to sustain the issue, is not sufficient to sustain a finding or an award of damages."

In the light of what has been previously said, it must be held, as a matter of consistency and logic, that, on a trial without a jury, the judge, in the exercise of his discretion, may view the premises without the consent of the parties. "But it is the wise policy of the law that, in receiving evidence of any kind in judicial proceedings, it should, so far as practical, be done in the presence of the parties, or with opportunity to be present. We commend this as a rule of judicial propriety in making inspections." *Adalex Construction Co. v. Atkins*, 214 Ala. 53, 106 So. 338.

As in the case of an inspection by a jury, any restrictions attempted to be imposed by an appellate court upon the effect which a trial court may give to such a view are purely artificial. Actually, it constitutes evidence, because the relevant and competent facts revealed thereby necessarily

affect the mind of the trial judge and tend to produce belief or disbelief on an issue. Any other rule is psychological fiction. For this reason it may as well squarely be declared that the trial judge is entitled to make such a view a factor in his determination of the case. It follows also that this fact is entitled to consideration and weight in examining the evidence on appeal, although, of course, the record itself must contain competent evidence to support the findings of the trial court. In technical matters, wholly within the field of expert testimony and on which the witnesses differ, the trial judge's inspection necessarily cannot be accorded the same weight and significance as in other matters. *Wall v. United States Mining Co.*, 232 Fed. 613. And, while it is rather inconceivable that an abuse of discretion by a trial judge in viewing premises will arise, his action is, of course, in any case, as is all judicial discretion, reviewable on appeal for prejudicial abuse.

In this case there was no abuse of discretion, and plaintiff is not entitled to a reversal on that ground. The remaining question is whether the evidence is sufficient to sustain the judgment.

The accident occurred at the intersection of Twenty Seventh street and Sheridan boulevard, in the city of Lincoln, about 11:30 a. m., on a clear day. Twenty Seventh street runs north and south, and Sheridan boulevard runs somewhat diagonally, in a northwesterly and southeasterly direction. Sheridan boulevard is an arterial highway, and there are stop signs as one approaches it on Twenty Seventh street. Both streets are paved. Plaintiff's sedan was proceeding south on Twenty Seventh street, and defendant's bus, which had come from Falls City, was going westerly on Sheridan boulevard.

Plaintiff's testimony showed that he was driving approximately 15 miles an hour at the time of the collision; that he had stopped at the stop sign 33 feet north of the intersection, looked in both directions, started his car in low gear, and shifted into intermediate as he proceeded into the intersection; that it was possible to see a distance of

350 feet east of the intersection up Sheridan boulevard, but he did not see defendant's bus; that he first became aware of the bus as he started into the intersection and heard it sound its horn; that he looked up and saw it 100 feet away, bearing down on him at a speed of 35-40 miles an hour; and that he immediately set his brakes and skidded his car until the impact occurred.

The driver of defendant's bus testified that he was traveling 15 miles an hour before the collision occurred; that, when he was approximately 50 feet east of the intersection, he saw plaintiff's car approach the stop sign and fail to stop; that he sounded his horn in warning, but plaintiff apparently was unable to stop; that he applied his brakes as he went into the intersection and swung to avoid a collision, but that the cars came together in an angular crash. He claimed further that the skid marks of plaintiff's car extended from a point north of the intersection to the place of collision, 13 feet south of the north curb line. A photograph was introduced in evidence which it is contended corroborates this testimony.

A police officer, who was a witness for plaintiff, testified that the skid marks were only 9 feet in length and were all within the intersection. Another witness said that the marks were 12 feet long. A passenger in the bus testified that his attention was attracted to plaintiff's car when he heard the bus driver sound his horn and felt him apply his brakes, throwing him forward in his seat. He stated that plaintiff was at that time about even with, or just beyond, the stop sign and was proceeding toward the intersection. Both vehicles, in his opinion, were traveling at about the same speed.

We shall not attempt to detail the testimony further. Enough has been set out to indicate its irreconcilable conflict. The situation is not controlled by undisputed physical facts. If the fact that the trial court viewed the premises were to be ignored, there is still sufficient competent evidence in the record to support a judgment for either party, depending upon the testimony that the court chose to believe.

The question would accordingly be one of credibility and weight. No doubt the view which the trial court made of the premises was helpful to it in settling that question. But, in any event, in a law action this is a matter solely for the trial court. Plaintiff points out discrepancies in the testimony of defendant's driver, argues that he is unworthy of belief, and contends that the accident must therefore have happened as plaintiff claimed it did. We are unable to say, as a matter of law, even if no view of the premises had been made, that the testimony of defendant's driver was incredible, and that the trial court would be clearly wrong in accepting any part of it. Plaintiff argues also that the evidence shows a liability under the last clear chance doctrine, but, here again, the situation was, at most, one for the trial court's determination. Under the testimony, a verdict could not have been directed for plaintiff on that ground. In the situation presented by the record, we have no right to set aside the judgment of the trial court. In a law action tried to the court, it is conclusively settled that its findings of fact have the same effect as the findings of a jury and cannot be set aside unless clearly wrong. *Hole v. Hamp,* 134 Neb. 259, 278 N. W. 480; *In re Estate of Wotke,* 133 Neb. 739, 277 N. W. 45.

For convenience in this opinion, we have referred to the owner of the bus as the defendant, although the driver was sued jointly with him.

AFFIRMED.