STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE, V. EARL F. ALBERT ET AL., APPELLANTS.

103 N. W. 2d 277

Filed May 20, 1960. No. 34685.

*Francis M. Casey,* for appellants.

*Clarence S. Beck,* Attorney General, and *Harold S. Salter,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action in condemnation. The State of Nebraska, Department of Roads, plaintiff, appealed from an appraiser's award to the district court for Cass County. The case was tried to a jury resulting in a verdict for the defendants. The defendants filed a motion for new trial which was overruled. Defendants perfected appeal to this court.

The defendants assign as error that: (1) The trial

court erred in giving on its own motion an admonition to the jury; and (2) the trial court erred in failing to properly instruct the jury as to the law applicable in the case.

The record shows: "BY THE COURT: Then, for the record here, it is further agreed that at the conclusion of opening statements the jury be permitted to view the premises in a body in charge of the bailiff, and that counsel may go in a car separate from any of the jurors for the purpose of making sure that they get to the right location and view the proper premises involved." Counsel for the parties agreed to what the trial court stated above.

"BY THE COURT: * * * The next order of procedure, Ladies and Gentlemen, will be the opening statements of counsel, by which they are privileged to outline to you a little more in detail the nature of the case and the evidence by which they expect to maintain their respective positions. * * * Opening statements of counsel having been concluded, it has now been agreed by them that before introducing evidence the jury be privileged to view the premises involved, where this controversy arises; and in order to do that it will be necessary for you to go to the site. Everyone doesn't need to take their individual car; you will be in the charge of the bailiff, Mr. Beckman, he has his car, and three or four of you can ride with him; two other cars would be sufficient among the jurors. Are there two of you who have cars available that can take them? Mr. Norris, you have one, and Mr. Resso. The three of you, then, Mr. Norris, Mr. Resso and Mr. Beckman, the bailiff, can take cars, and the jury will be escorted under the direction of the bailiff in a body, and Mr. Crosby and Mr. Salter will go in a separate car; and you can follow them out there, Mr. Beckman, so you know you are getting to the right location. They are not going out for the purpose of answering questions or arguing their case out at the site at all, they are just going to make sure you

look at the right place, that's all, and any inquiries that you have concerning the matter, direct them to the bailiff and he in turn will endeavor to pass them on to counsel, and if they can give you an answer by agreement, all well and good; you are out there for the purpose of viewing and getting your feet on the ground as to the place that the evidence is going to be about here this afternoon, and it will be a little bit better for you if you can visualize what is being discussed and talked about, rather than having witnesses just describe it."

The defendants argue that the jury was permitted to view the premises prior to the introduction of testimony in court; that the trial court failed, in its admonition, to advise the jury that what it was to view could be considered as evidence; that the jury was limited in the view as to the exact location on the land; that the law is clear that the view of the premises is not for the purpose of knowing the location so as to better follow the evidence, but is evidence in and of itself to be considered along with other evidence in the case in arriving at a verdict; and that the court started the admonition to the jury, "Before introducing evidence" the jury would be permitted to view the premises.

In this connection the defendants cite Chicago, R. I. & P. Ry. Co. v. Farwell, 60 Neb. 322, 83 N. W. 71, wherein the following was quoted from Peoria Gas Light & Coke Co. v. Peoria Terminal Ry. Co., 146 Ill. 372, 34 N. E. 550, 21 L. R. A. 373: "It has been frequently held by this court that the results of the personal view of the premises by the jury in condemnation cases are in the nature of evidence, and may be taken into consideration by them in passing upon the testimony of the witnesses; and that where the evidence is conflicting, they may be resorted to by the jury as bearing upon the weight to be given to the variant and conflicting estimates given by the various witnesses, so that, if the verdict of the jury is supported by the evidence,

it will not be disturbed simply because it is contrary to what appears to be the preponderance of the testimony."

The defendants also cite Stull v. Department of Roads &. Irrigation, 129 Neb. 822, 263 N. W. 148, as follows: "This court is committed to the rule that the viewing of the premises involved in litigation by the jury is evidence, and not merely a means of enabling the jury better to construe and apply the evidence adduced in court."

In applying the above rule as stated in Stull v. Department of Roads & Irrigation, *supra,* the defendants assert that in the admonition by the court before viewing the premises, the jurors were not advised that what they were to view was evidence, but were told, or led to believe, that it was a means of enabling them to better construe or understand the evidence.

The defendants quote a part of instruction No. 10, as follows: "In determining any of the questions of fact presented in this case, the jury should be governed solely by the evidence introduced before them. * * * if a juror be personally acquainted with any particular fact or facts not supported by the evidence, such juror is not permitted to take his or her personal knowledge of such fact or facts into consideration or to mention the same to the other jurors."

The defendants contend that instruction No. 10 failed to state or to define (1) the evidence the jury viewed on the scene; (2) the application of the jurors' general knowledge of that evidence; and (3) that what they viewed at the scene was evidence the same as the testimony adduced before them.

Instruction No. 6 reads as follows: "Pursuant to stipulation of the parties you have been permitted to view the premises in controversy. Such view may be considered by you along with all the other evidence in the case, and it is proper for you to take into account the results of your observations and to consider the

same, in connection with all the other evidence, in arriving at your verdict."

The defendants' contention is that the trial court, in instruction No. 6, did not advise the jurors that their view of the premises was evidence.

Instruction No. 9 dealt with what constitutes preponderance of the evidence. The defendants complain of this instruction on the ground that it did not advise the jury that the evidence adduced by viewing the premises could be taken into consideration in determining the credibility of the witnesses.

As we view the assignments of error raised on this appeal, the substitution of the word "evidence" for "testimony" was of little consequence. The following is applicable.

In Carlson v. Hanson, 166 Neb. 96, 88 N. W. 2d 140, this court held: "Instructions are to be considered together, to the end that they may be properly understood, and, if as a whole they fairly state the law applicable to the evidence when so construed, error cannot be predicated on the giving thereof." This rule of law has been pronounced several times by this court in cases too numerous to cite.

Assuming that there was error as contended for by the defendants, it was harmless error. As was said in Wolfe v. Mendel, 165 Neb. 16, 84 N. W. 2d 109: "The rule is that before an error requires a reversal, it must be determined that it was prejudicial to the rights of the party against whom it was made. Bartek v. Glasers Provisions Co., Inc., 160 Neb. 794, 71 N. W. 2d 466."

We fail to find prejudicial error in the record, as contended for by the defendants.

For the reasons given herein, the judgment of the trial court should be, and is hereby, affirmed.

AFFIRMED.