Fletus A. HUBBARD and Bankers Mutual
Insurance Company, a corporation, Appellants,

v.

Thomas Joseph FREEMAN, Appellee.

No. 3291.

District of Columbia Court of Appeals.

Argued July 22, 1963.

Decided Sept. 17, 1963.

---

Joel Savits, Washington, D. C., with whom Samuel Barker, Washington, D. C., was on the brief, for appellants.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit for property damage resulting from an automobile collision. At the close of all the evidence the trial judge, sitting without a jury, took the case under advisement. Several days thereafter he issued the following findings:

"The Court, after having personally viewed the scene of the accident involved in this case, finds that both drivers were negligent and that their concurring acts of negligence were the proximate causes of the accident. Accordingly, the Court finds for the defendant on plaintiffs' claims."

Plaintiffs filed a motion for a new trial on the ground that it was error for the trial judge, without knowledge or consent of counsel, to view the scene of the accident after the trial was concluded and to use his observations so obtained either to discredit any evidence in the case or as evidence upon which to base his verdict. Upon consideration of plaintiffs' motion the trial judge amended his trial findings as follows:

"The Court, after having personally viewed the scene of the accident involved in this case, *and upon consideration of that and all of the evidence in the case,* finds that both drivers were negligent and that their concurring acts of negligence were the proximate causes of the accident. Accordingly, the Court finds for the defendant on plaintiffs' claims." (Emphasis supplied.)

The motion for a new trial was therefore denied and plaintiffs have appealed. They present the same contention set forth in their motion for a new trial.

In Washington Coca-Cola Bottling Works, Inc. v. Kelly, D.C.Mun.App., 40 A.2d 85 (1944), we had occasion to consider the question of inspection by the jury or "view" as it is frequently called. We stated that in this jurisdiction, even in the absence of a statute, trial judges have the power to order a view in the exercise of their sound discretion. We do not understand appellants to suggest that the rule is different when the trial judge sits as trier of fact without a jury. Accordingly, we

736

proceed to the first part of appellants' argument, that it was error to view the scene of the accident without notice or consent of counsel. We feel that as a matter of judicial propriety, the trial judge should notify the parties and give them an opportunity to be present before taking a view.[1] While we recommend this as the better rule, we feel the trial judge's failure to notify counsel or obtain their consent in the case at bar did not constitute reversible error.[2]

 The second part of appellants' argument is that it was prejudicial for the trial judge to use his observations either to discredit any evidence in the case or as evidence upon which to base his verdict. They contend that the amended findings constitute conclusive proof of the prejudicial nature of the observation. They assert, in effect, that the trial judge failed to observe the necessary procedural safeguards in conducting a view.[3] We find appellants' contention without merit. Absent a specific showing to the contrary, we consider the amended findings a clarification of a technical error rather than a deliberate attempt to sustain a miscarriage of justice. For the same reason we find the principal case cited by appellants distinguishable.[4] In that case a trial finding was reversed because the judge expressly searched for extrinsic testimony and evidence when visiting the scene of the accident. In the case at bar the allegation of abuse is merely inferential.

Substantively, appellants' argument is that the trial judge could not use his observations at the scene of the accident as independent evidence in the case. Generally, courts have been divided as to whether a view constitutes independent evidence. Wigmore's position is that it does, 4 Evidence § 1168 (3d ed. 1940). Nevertheless, and without deciding this question, the findings of the trial judge, upon both the testimony at the trial and a subsequent view of the location of the collision, furnish no basis for reversal.

Affirmed.

---

1. Briggs v. Chicago Great Western Railway Company, 243 Minn. 566, 68 N.W.2d 870 (1955) ; 4 Wigmore, Evidence § 1169 (3d ed. 1940).

2. Carter v. Parsons, 136 Neb. 515, 286 N. W. 696 (1939) ; Adalex Construction Co. v. Atkins, 214 Ala. 53, 106 So. 338 (1925).

3. See Briggs v. Chicago Great Western Railway Company, supra, note 1, for a discussion of safeguards to be followed.

4. Denver Omnibus & Cab Co. v. J. R. Ward Auction Co., 47 Colo. 446, 107 P. 1073 (1910).