STATE OF NEBRASKA, APPELLEE, v. J. W. RUTHERFORD, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. J. W. RUTHERFORD, APPELLANT.
185 N. W. 2d 449

Filed March 26, 1971. Nos. 37637, 37638.

Paul E. Watts and Samuel A. Boyer, Jr., for appellant.

Gary P. Bucchino, Kent H. Whinnery, John A. Gutowski, Raymond E. Gaines, Richard L. Dunning, Joseph S. Troia, and J. Patrick Mullen, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant was charged with failing to stop at a red light and with resisting arrest in violation of the ordinances of the city of Omaha. After a finding of guilt on each of the two charges, appeals were taken to the district court for Douglas County. A jury was waived and a trial had to the court. Defendant was found guilty and after sentences were pronounced appeals were taken to this court.

The arresting officer testified that he was parked in a parking lot about 150 to 200 feet from the intersection of 30th and Hamilton Streets in Omaha on December 8, 1969, between 9 and 9:30 p.m, watching the traffic and traffic lights. He saw the defendant approach the intersection from the east from a point a half block east of the intersection and pass through the intersection through a red light. He followed the defendant to his home two doors west of the intersection where he accosted defendant and asked for his operator's license and certificate of registration. Defendant refused. The officer told defendant he was under arrest, returned to his cruiser and requested assistance, and ran up the sidewalk

after the defendant. Defendant proceeded into his home, closing the door in the officer's face, which the officer entered by the use of force. Words and a scuffle followed in the home. No blows were struck by either participant. Upon the arrival of another officer, defendant peacefully submitted to the arrest. The defendant testified that he approached the intersection, stopped on the red light, and passed through when it changed to green. The arresting officer testified to the resisting of arrest by the defendant. Defendant, on the other hand, testified that he was not arrested until after the period testified to by the arresting officer. He denied refusing to submit to an arrest as testified to by the officer. The evidence was in conflict on both charges and was for the determination of the trier of fact who, in the instant case, was the trial court. The evidence was sufficient to sustain the findings of the trial court.

The record shows that after the taking of evidence was completed and without the consent of or notice to the parties or their counsel, the trial court at his own instance inspected the premises where the violations were alleged to have occurred. It is asserted that after hearing the evidence which was conflicting, the trial court went to the scene of the alleged offenses and then based its decision on that observation. The defendant contends that this constitutes prejudicial error.

The defendant argues that such conduct on the part of the trial judge, which it voluntarily stated at the time of the sentencing of the defendant, was in effect an admission of the insufficiency of the State's evidence and its failure to sustain the burden of proof in the prosecution for running a red light and resisting arrest. It is further asserted that if the burden of proof placed upon the State is to have any meaning in our system of jurisprudence, such conduct by a trial judge in making an unauthorized view of the scene of the alleged offenses in order to provide a sufficiency of evidence to sustain

a conviction should be and does constitute reversible error.

This court has held in a civil action that a view of the premises is evidence and not merely a means of enabling a jury to better construe and apply the evidence adduced in court. Chicago, R. I. & P. Ry. Co. v. Farwell, 59 Neb. 544, 81 N. W. 440. We see no reason why the same rule does not apply in the prosecution of a criminal action or a suit to recover a penalty. Ordinarily it is misconduct on the part of the trier of fact to take an unauthorized view of the premises involved in a judicial proceeding without informing the parties or their counsel and thereby denying them the opportunity to be present. The courts generally have refused to reverse or grant a new trial in the absence of a showing that the material rights of the defendant were prejudiced thereby. See, Crowell v. State, 79 Neb. 784, 113 N. W. 262; Phillips v. State, 157 Neb. 419, 59 N. W. 2d 598, 58 A. L. R. 2d 1141.

It is contended that the unauthorized view of the premises by the trial judge where the violations were alleged to have occurred is violative of defendant's rights of confrontation and cross-examination essential to a fair trial guaranteed by the Constitutions of the state and nation. It is asserted that such an unauthorized view of the premises where the violations are alleged to have occurred makes the judge both the trier of fact and a witness whom defendant was not given the opportunity to confront or cross-examine as constitutionally required in a criminal case.

The case of People v. Eglar, 19 Mich. App. 563, 173 N. W. 2d 5, is in point. In that case defendant was convicted in the circuit court in a trial to the court of indecent exposure. The Court of Appeals held that it was reversible error for the trial judge to view the garage in which defendant allegedly lowered his trousers and exposed himself to two girls, aged 11 and 12 years, who were walking on a public sidewalk across the street

from the garage, without having given defendant and counsel for both parties an opportunity to be present with the judge. In disposing of the case the court said: "The judge was the trier of fact. No evidence could properly be considered by him that was not presented as part of the trial. Conceivably the judge viewed the wrong garage, or viewed the right garage from a point other than the place the girls claim they were walking when they saw the defendant. The defendant and counsel for both parties had a right to be present so that they could know whether the judge viewed the garage from the same point the girls viewed it, and so that they could know what the judge saw, and could consider that in deciding whether to offer additional proofs at the trial."

In the instant case, the trial court, in viewing the premises where the violations are alleged to have occurred, saw the physical facts in and about the intersection. An examination of the evidence in the case reveals that there was no dispute on any physical fact. The trial court saw nothing about which there was conflict in the evidence. The court saw nothing that could influence his decision of the case. In such a situation, the defendant was not prejudiced by the judge's unauthorized view of the premises. The judgment of the district court will therefore be affirmed.

AFFIRMED.