# Rogers *v.* Prattville Manf'g Co. No. 1.

### Bill in Equity to Foreclose Mortgage.

1. *Machinery in factory, as fixtures.*—Under the decisions of this court, the mere use of machinery in a mill or factory, in connection with the business, does not necessarily annex it to the realty, so as to constitute it a part thereof; but the question, in each case, is dependent on the use, nature and character of the annexation, and on the intention of the parties.

2. *Same; what passes under mortgage.*—A private corporation having authorized, by resolution of its board of directors, the execution of a mortgage "upon all the real estate belonging to said company;" and a mortgage being thereupon executed upon certain town lots, which were described by metes, bounds and dimensions, followed by the words, "said lot or parcel of land embracing the factory building used as a cotton mill, also the canal or race conducting the water to the wheel propelling the machinery in said cotton mill; all the machinery belong-

ing to the mill does not pass to the mortgagee, but only so much thereof as has been so annexed to the realty as to become a part thereof.

3.   *Revision of register's rulings.*—The rulings of the register, or proceedings before him under an order of reference, are not subject to revision by this court, but must be acted on by the chancellor in the first instance; and when the order of reference is made by consent in writing, in open court, in which it is further agreed that the register's report shall be final, it is in the nature of an award, and is not subject to exception before the chancellor.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. S. K. McSPADDEN.

The appellant, Mills Rogers, filed a bill to foreclose a mortgage, executed to him by the appellee, the "Prattville Manufacturing Company No. 1." The cause was heard at the October Term, 1886, of the Chancery Court of Autauga, and a decree of forclosure was rendered. The following assignments of error were made by appellant in this court:

"1.   The Chancery Court erred in decreeing that only *the fixtures*, on the realty mentioned in the mortgage, are subject to the mortgage lien."

"2.   Said court erred in failing and refusing to decree that all the machinery in the building used as a cotton mill, is subject to the mortgage lien."

"3.   Said court erred in failing and refusing to decree that all the property and machinery used in operating and running the factory buildings as a cotton mill, are subject to the mortgage lien, whether the machinery is fixed to the freehold or not."

SADLER and HOLMES, for appellant.—As to fixtures, much the same rule applies in case of mortgages as in absolute conveyances; but, although in the latter case, the construction is generally favorable, that things attached to the land are part of the realty, yet in case of mortgages, the construction is even more favorable.—Jones on Mortgages, § 428.   The mortgage is a lien, not only on the fixtures, but also on all the property or machinery used in the operation of the buildings *as a cotton mill.*   The legal quality of articles attached to the realty, may be determined from the agreement and understanding of the parties, or established custom, and a sale and conveyance of a mill or manufacturing establishment *as such*, by any general name or terms of description commonly understood to embrace all its essential parts, passes the machinery belonging to such mill or establishment, whether affixed to the freehold or not.—*Teaff v. Hewitt*, 1 Ohio State R. 311; *Ottumwa Woolen Mill Co. v. Hawley*, 44 Iowa, 57; *Parsons v. Copeland*, 38 Me.

537; *Pierce v. George*, 108 Mass. 78 ; *Brennan v. Whitaker*, 13 Ohio State R. 446; *Vorhees v. McGinnis*, 48 N. Y. 278.

C. S. G. DOSTER, *contra*.—The property is not conveyed *as a factory* or a *cotton factory*, but merely and exclusively as real estate ; the factory is mentioned only for the purpose of identification. The Supreme Court of Alabama is disposed to limit the kind and amount of machinery, which is to be regarded as fixtures and passes as real estate.— *Hancock v. Jordan*, 7 Ala. 448 ; *McDaniel v. Moody*, 3 Stew. 314. The reference to the register was by consent and his finding cannot be appealed from.

STONE, C. J.—The object of the present bill is the foreclosure of a mortgage. The mortgage was made to secure the payment of debts therein enumerated. It conveys only real estate, consisting of three several lots in the town of Prattville, describing them by fixed beginnings, metes, bearings, and dimensions. At the end of the description of one of the lots conveyed is the following clause : "The above described lot or parcel of land, embracing the factory building used as a cotton mill ; also the canal or race conducting the water to the wheel propelling the machinery in said cotton mill." The mortgage was executed under a resolution of the stockholders of the Prattville Manufacturing Company, a private corporation, at a meeting held for the purpose. By that resolution the secretary of the company was "authorized, empowered and directed to make, execute, and deliver . . for, and as the secretary of the Prattville Manufacturing Company No. 1, a mortgage or lien upon all the real estate belonging to said company." No authority was given to mortgage personalty, and none was mortgaged. The sole question sought to be raised by the assignments of error is, to what extent does the mortgage of the realty carry with it the machinery that was employed in operating the cotton mill ? To what extent has such machinery become a part of the realty, so as to pass under the mortgage ?

The charge in the bill under which relief is claimed as to the machinery is in the following language : " Orator further avers that at the time of the execution of said mortgage, and since that time, the said Prattville Manufacturing Company No. 1, had and have attached and fixed to the realty large amounts, parcels and articles of machinery, such as are usually employed in the cotton manufacturing business, and your orator avers that said machinery so fixed and attached to the realty has become a part thereof, and your orator has a lien thereon by virtue of said mortgage,

and the same is bound, together with the realty, for the payment of his said debt." The bill contains no other description of the machinery or fixtures sought to be subjected. The prayer of the bill is, that said mortgage be declared "a lien upon the property therein described, and upon all the machinery affixed to the realty."

The answer admits that certain enumerated articles of machinery are so attached to the free hold as to be a part of the realty, while, as to other parts, it denies that they are so attached as to pass under the granting clauses of the mortgage. Schedules are attached, containing the names and number of each, together with a description of the rooms in the factory in which it was said they were. It is not shown how and to what extent these various articles of machinery were attached to the realty, if attached, or used at all. The bill was filed September 6, the answer September 30, and the decree of the chancellor was rendered October 5, all in 1886. No testimony is found in the record, and we suppose none was taken, as no sufficient time therefor intervened between the filing of the answer and the rendition of the decree, granting relief to complainant. In the decree, "it is ordered and decreed that complainant's said mortgage is a lien upon the property therein mentioned, and that the same be foreclosed. But as there is some question as to what machinery is included in, or, upon which said mortgage is a lien, it is ordered and decreed that all fixtures upon the realty mentioned in said mortgage, or placed upon the premises after the execution of the mortgage, are subject to the mortgage lien, both of machinery or other property; but movable property, or property which is not a fixture, and which was not mentioned in said mortgage, whether placed on the premises before or after the execution of the mortgage, is not subject to the mortgage lien."

All the authorities agree that no precise, unerring rule can be laid down, applicable to all cases, which defines the precise boundary which separates moveable chattels from immovable fixtures. It varies with the different relations of parties, and is largely dependent on intention, either shown or inferred.—*Tillman v. DeLacy*, (MSS.), Ala.; 1 Jones Mort. § 428; *Winslow v. Mer. Ins. Co.*, 4 Metc. 306. We need not, however, pursue this inquiry.

The decree of the chancellor, copied above, is free from objection, as far as it goes. It lays down a correct rule; for it is certainly true that only such personalty as has, in legal contemplation, become annexed or affixed to the realty, passes under a conveyance of the land. As we have said,

this record does not inform us to what extent, if at all, any of the machinery was annexed or attached to the free hold, so as to become a part of it. Hence, the chancellor could not have ruled, on the evidence before him, that complainant was entitled to greater relief than defendant had admitted in its answer. If the answer was not full enough, proof should have been made, so as to have the court's ruling on its sufficiency. As to the machinery which is the foundation of the assignments of error in this case, the language of the answer is, that it "is loose, and has ever been loose and unfastened machinery, and that the same is not now, and never has been in any way attached to, or fixed to the said factory building, or real estate or realty embraced and described in said mortgage." The court can not be supposed to have any judicial knowledge of the character or uses of the machinery here referred to, and hence can not say the chancellor erred in failing to rule, on the language of the answer alone, whether or not such machinery passed under the mortgage of the realty. We speak of it as a failure to rule, for he certainly did not decree that any part of the machinery was not covered by the mortgage. He simply declared a rule, in very general terms it is true—but, nevertheless, free from error.

There are cases which hold that when a building is constructed for milling or manufacturing purposes, and is so employed, all the machinery and appliances used in connection with the business, whether attached in any way to the realty or not, become part of the realty, and a mortgage simply of the land carries with it such machinery and appliances, even without any mention being made thereof. *Vorhees v. McGinnis,* 48 N. Y. 278; *Pierce v. George,* 108 Mass. 78; *Farrar v. Stackpole,* 6 Greenl. 154; *Parsons v. Copeland,* 38 Me. 537; *Ottumwa W. Mill Co. v. Hawley,* 44 Iowa, 57; *Winslow v. Mer. Ins. Co.,* 4 Metc. 306; *Stockwell v. Campbell,* 39 Conn. 362; *Millikin v. Armstrong,* 17 Ind. 456; *Queen ex rel. v. Lee,* 1 L. R. Q. B., 241; *Holland v. Hodgson,* 7 L. R. C. P. 328; *Hoskin v. Woodward,* 45 Penn. St. 42.

Our own court has not gone to this extreme length.—*McDaniel v. Moody,* 3 Stew. 314; *Tillman v. DeLacy,* (MSS.), Ala. —. With us, mere use in connection with a business, does not necessarily so annex machinery to the realty, as to constitute it a part of it. Intention is more or less a factor in such inquiries.

Many of the adjudged cases declare the rule as follows: The criterion of a fixture applicable to a mill or manufactory, is the resultant of three requisites: First, actual annexation to the realty, or something appurtenant thereto.

Second, application to the use or purpose to which that part of the realty with which it is connected, is appropriated. Third, the intention of the party making the annexation, to make a permanent accession to the freehold.—*Teaf v. Hewitt*, 1 Ohio St. 511; 1 Jones on Mortgages, §§ 428, 444; *Quinby v. Man. Co.*, 24 N. J. Eq. 260 ; *Keve v. Paxton*, 26 N. Eq. 107 ; *Blancke v. Rodgers, ib.* 563 ; *Capen v. Peckham*, 35 Conn. 88 ; *Brennan v. Whitaker*, 15 Ohio St. 446 ; *Cram v. Brigham*, 11 N. J. Eq. 29 ; *Hutchinson v. Kay*, 23 Beav. 413.

As we have said above, the precise point at which a chattel loses its character as such, and becomes part of the realty, is difficult, if not impossible to define by any fixed rule applicable to all cases. It depends so much on the use, on the nature and extent of annexation, if any, and on the intention with which the machinery is applied, that we find ourselves without sufficient information on which to formulate a rule applicable to it. We repeat, as far as the chancellor proceeded in his decree, his ruling is free from error. The present appeal brings before us only his ruling.

If the attempt were made to have us consider the register's findings and report, there are two reasons why we could not do so : First, the chancellor has not acted on the register's report. Proceedings before the register can never come immediately before us. The chancellor must first act upon them, and from his rulings only can an appeal be prosecuted to this court. But, there is a second reason why the register's action in this case can never be considered, either by the chancellor or by this court, as we understand the chancellor's decree. After declaring the general rule copied and commented on above, the decree proceeds, as follows : "Now, by consent of parties in open court filed in writing, it is ordered and decreed that it be referred to the register to ascertain and report what machinery, if any, is not now liable to said mortgage lien, under the rule above stated, and also what machinery is fixed and liable ; which report it is agreed by the parties shall be final." This consent decree precludes all exception to the findings of the register, and, it would seem, places them on the high plane of an arbitrament and award.

There is no error shown in the record, and the decree of the chancellor is

Affirmed.