(95 South. 22)
**JENKINS v. STEEL CITIES CHEMICAL CO.**
**(6 Div. 389.)**

(Supreme Court of Alabama. Jan. 11, 1923.)

1. **Injunction** ⚖=175—Viewing premises by chancellor on hearing of motion to dissolve injunction within his discretion.

Code 1907, § 4535, governing hearings on motions to dissolve temporary injunctions, and providing that the court may consider the bill and answer, whether the answer contains denials of the allegations of the bill by way of defensive matter and also such affidavits as any party may introduce does not, in suit to abate a nuisance, prohibit the chancellor from viewing the premises; such question resting within his sound discretion.

2. **Injunction** ⚖=161—Notwithstanding denials of answer, court exercises discretion in dissolving temporary injunction.

Notwithstanding the denials of the answer in the matter of continuance or dissolution of a temporary injunction, the court exercises a large discretion.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill of the Steel Cities Chemical Company against Henry Jenkins to abate a nuisance. From a decree denying his motion to dissolve temporary injunction, respondent appeals. Affirmed.

Theodore J. Lamar, of Birmingham, for appellant.

11 Am. & Eng. Ency. of Law, 162; 147 Ala. 376, 41 South. 816; 113 Ala. 276, 21

South. 213. A party, casting on another's land dirt and foul water, and rendering the water unfit for use, cannot invoke a court of equity to enjoin the diversion of such waters. 160 Ala. 657, 49 South. 426; 100 Ala. 252, 14 South. 167, 46 Am. St. Rep. 48; 16 Ala. 214, 50 Am. Dec. 177; Pom. Eq. Jur. (2d Ed.) 397. Where the answer denies the equity of the bill, the general rule is that the injunction will be dissolved. 8 Mich. Dig. 742; 140 Ala. 523, 37 South. 361; 200 Ala. 463, 76 South. 395. It was manifest error for the court to view the premises, when resisted by respondent. 173 Ala. 14, 55 South. 301.

Tillman, Bradley & Baldwin, Chas. E. Rice, and A. K. Foster, all of Birmingham, for appellee.

The owner of a dominant heritage has an easement over the servient estate for the discharge of all waters which by nature rise in or flow or fall upon the superior dominant upper tract. 40 Cyc. 640; 68 Ala. 280, 44 Am. Rep. 147; 72 Ala. 277, 47 Am. Rep. 412; 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77; 15 Ala. 468; 195 Ala. 498, 70 South. 715. The question whether a temporary injunction will be granted is one within the discretion of the trial court. 14 R. C. L. 312; 22 Cyc. 941; 129 Ala. 496, 29 South. 867. It is a matter within the discretion of the court whether it will elect personally to view the property regarding which a bill has been filed to enjoin some act. 22 Cyc. 941; 22 C. J. 766; 2 Wigmore on Ev. § 1163; 2 Exch. 382.

GARDNER, J. Bill by appellee against appellant seeking an injunction for the abatement of an alleged private nuisance.

The land of complainant upon which is located its manufacturing plant adjoins that of respondent, and through these lands flows a natural branch or stream of water. The averments of the bill disclose that the natural flow of this stream as well as the surface water is over and across the property of respondent, and that respondent has in the course of erection a high embankment across the stream, thus causing the natural flow thereof to be diverted onto the property of complainant, as well, also, the surface water, and is digging a ditch, the effect of which will be to concentrate the water and divert the same from its natural course onto the property of complainant; that the injury thus occasioned the complainant in the operation of its manufacturing plant is permanent, continuous, constantly recurring, and resulting in irreparable damage.

The theory of the bill is that the land of respondent is burdened with a servitude of receiving and discharging these waters, and the averments thereof bring the case clearly within the principles of law recognized and enforced in the following, among other, authorities in this state: Nininger v. Norwood, 72 Ala. 277, 47 Am. Rep. 412; Southern Rwy. Co. v. Lewis, 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77; Hughes v. Anderson, 68 Ala. 280, 44 Am. Rep. 147; McCary v. McLendon, 195 Ala. 497, 70 South. 715.

The respondent answered the bill denying the material averments thereof, particularly any averment that the work in which he was engaged would in any manner result in injury to the complainant or was violative of any of its rights. By way of defensive matter, respondent avers that the complainant had some time previous to the institution of this suit been guilty of wrongful conduct in polluting the water flowing through respondent's property, which gave rise in part to this litigation, and had itself been guilty of creating a nuisance in respect thereto to the injury of respondent, and consequently did not come into court with clean hands. The sufficiency of the answer as to the defensive matter has not been passed upon, and is not here presented for review; and as to whether or not this equitable maxim therein sought to be invoked (which is discussed in 1 Pom. Eq. Jur. [4th Ed.] § 397 et seq., and in Harton v. Little, 188 Ala. 640, 65 South. 951; McCord v. Bridges, 205 Ala. 692, 89 South. 39) is applicable to the situation here presented needs no express determination.

The parties took issue upon the averments of the bill and answer offering affidavits in support of their respective contentions. The affidavits offered by the complainant tend to support the bill and also deny the averments of the answer, while the affidavits tendered by the respondent are in support of his contention.

[1, 2] Upon motion of complainant, and over the objection of respondent, the chancellor viewed the premises; and it is insisted that this was without authority of law and unauthorized by section 4535 of the Code of 1907, citing Nelson v. Hammond, 173 Ala. 14, 55 South. 301. That authority, however, did not have the question here presented for consideration. We are of the opinion that the matter of viewing the premises by the chancellor was a question resting within his sound discretion (22 Corpus Juris, 766; 2 Wigmore on Evi. 1163 et seq.), and that the foregoing section of the Code is without influence in this particular. So, likewise, in cases of this character, the court exercises a large discretion, notwithstanding the denials of the answer in the matter of continuance or dissolution of a temporary injunction. Brown v. Bell, 206 Ala. 182, 89 South. 659; Rice v. Davidson, 206 Ala. 226, 89 South. 600; Saxon v. Parson, 206 Ala. 491, 90 South. 904.

We have given due consideration to the affidavits offered by the respective parties, and also in the light of the personal investigation

by the court (Faught v. Leith, 201 Ala. 452, 78 South. 830), and, with due consideration to the effect upon the respective parties of the continuance or dissolution of the injunction, have reached the conclusion that the action of the court in denying the motion to dissolve will not here be disturbed.

The decree is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.