Mabel Jones, Louise J. Riker, Ralph H. Riker, and Harold W. Riker (appellants), filed a complaint against Randall Henderson and Katrina Henderson (appellees), seeking money damages and requesting injunctive relief to restrain the Hendersons from blocking or otherwise denying access to a right-of-way that the plaintiffs claim they were entitled to, either by deed or by adverse possession. The Hendersons denied the material allegations of the complaint and filed a counterclaim alleging that a dispute existed over the correct boundary between the parties. The Hendersons also claimed damages for the appellants' alleged trespass, and for mental distress.
The property of the Hendersons and the appellants was originally owned by Sam Jones, the father of appellants Mabel Jones and Louise J. Riker. The property now owned by the Hendersons was sold by Sam Jones to his brother, Doll Jones, who later conveyed the property to Dewey Jones and Carrie Mae Jones. Dewey and Carrie Mae Jones conveyed the property to Norman Jones and Imogene Jones, who then conveyed it to their son, Walter Jones. The Hendersons obtained possession of the property by warranty deed from Walter Jones and Sharon Jones.
Mabel Jones and Louise Riker own 62 acres of land that is north of and adjacent to the Hendersons' property. Mabel Jones and Louise J. Riker (along with three other family members) originally obtained possession of the property by inheritance from their father. They subsequently obtained possession to the entire 62 acres of the property by deed from the other family members.
In February 1986, the trial judge conducted an ore tenus
hearing. At the hearing, the testimony showed that the disputed strip of property was originally used, as early as 1940, for access to a sawmill located on Sam Jones's property, but several witnesses testified that the strip of property had not been used as a right-of-way since the sawmill closed in the early 1940's. The Hendersons testified that the strip of property is part of their backyard and that they have maintained the property as such. They testified that they have used one end of the property for the parking of cars and have planted grass and flowers on it, piled firewood on it, and placed a swing on it. Other witnesses testified that the appellants had continuously used the strip of property since 1948. The appellants claimed to have used the disputed strip of property as often as five or six days a week during the summer months for access to their property.
Several weeks after the hearing, the trial judge visited the disputed strip of property, without giving the appellants'attorney notice or an opportunity to be present, but the attorney for the Hendersons was *Page 1022 
present when the trial judge viewed the properties. After viewing the property, the trial judge entered an order denying the appellants the relief they requested, and then issued an order setting the boundary between the parties' properties. The court ordered James McGinnis, a registered surveyor, to locate and place monuments fixing the boundaries of the parties' lands in accordance with his order. The court further ordered the appellants to remove a fence they had placed across the Hendersons' property and to do so within 30 days from the date of the decree.
The appellants filed a motion for a new trial, alleging that they were denied due process of law when the judge failed to give their attorney notice of the time set to view the property, and that the judgment was contrary to the law and evidence in the case. The trial court denied the motion for a new trial. This appeal followed.
The first issue raised is whether the appellants were denied due process of law when the judge, with the Hendersons' attorney present, viewed the property in dispute without notice or an opportunity for the appellants' attorney to be present. The appellants argue that the Hendersons' attorney was able to argue his case to the judge and that they were deprived of this opportunity.
The Hendersons essentially claim that the view by the trial judge, even if erroneous, was harmless. They contend that after the appellants filed their complaint, they were afforded the opportunity to conduct discovery, that they offered testimony and documentary evidence in support of their allegations, and that they cross-examined the Hendersons' witnesses; therefore, the Hendersons say, the appellants had their day in court and they were afforded every opportunity to be heard on their complaint.
This Court has stated many times that a trial court must provide due process for each party before it. Due process requires that a party receive notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing. Benton v. Alabama Board of MedicalExaminers, 467 So.2d 234 (Ala. 1985); Humane Society ofMarshall County v. Adams, 439 So.2d 150 (Ala. 1983); and Cooperv. Watts, 280 Ala. 236, 191 So.2d 519 (1966). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Humane Society ofMarshall County v. Adams, supra.
We are aware, as the Hendersons contend, that in a non-jury case, it is within the discretion of the trial judge to make an out-of-court viewing of the disputed property, and that there is no absolute requirement that the judge give the parties notice that he is going to view the property or to afford them an opportunity to be present. Mutual Service Funeral Homes v.Fehler, 257 Ala. 354, 58 So.2d 770 (1952); C. Gamble, McElroy'sAlabama Evidence, § 208.02 (3d ed. 1977). This Court, in AdalexConstruction Co. v. Atkins, 214 Ala. 53, 106 So. 338 (1925), also stated:
 "But it is the wise policy of the law that, in receiving evidence of any kind in judicial proceedings, it should, so far as practical, be done in the presence of the parties, or with opportunity to be present."
214 Ala. at 56, 106 So. at 341.
While we recognize that a trial judge may view disputed property without giving the parties notice, or affording them an opportunity to be present at the viewing, we are of the opinion that the trial judge violated the fundamental requirements of due process when he gave notice, and an opportunity to be present, to one party, and did not give this same notice and opportunity to the other party, as he stated he would.
Because we reverse this case on the due process issue, we see no reason to address the other issues raised by the parties.
Accordingly, the judgment of the trial court is reversed and the case is remanded.
REVERSED AND REMANDED.
JONES, SHORES, BEATTY and HOUSTON, JJ., concur. *Page 1023