ALMON, Justice.
The heirs of Orville Roberts filed an action against Champion International Corporation and Tensaw Land and Timber Company, Inc., seeking damages for an alleged cutting of timber from the plaintiffs’ property. The defendants filed a counterclaim asking the court to determine the boundary line between property owned by Tensaw Land (the Northeast quarter of Section 9) and the plaintiffs’ property (a parcel on the west side of the Northwest quarter of Section 10), all in township 3 north, range 1 west, Washington County. The circuit court appointed a surveyor, Fletcher Schell. The court held an ore tenus hearing, at which Mr. Schell, another surveyor, and other witnesses testified. Without notifying the parties or giving them an opportunity to be present, the circuit judge later visited the property with Mr. Schell and spent several hours viewing it. The court entered a judgment declaring the boundary line to be the easternmost of the potential boundary lines, the one advocated by the counterclaimants, and made that judgment final pursuant to Rule 54(b), Ala. R.Civ.P.
The Roberts heirs moved for a new trial, objecting to the circuit judge’s viewing of the property with the surveyor but without notice to the parties or an opportunity for them to be present. The court held a hearing on the motion for a new trial; at the beginning of the hearing, the circuit judge acknowledged that he had viewed the property and that “my order, in part, was based on that on-site inspection that I made.” The attorney for the Roberts heirs asked if Mr. Schell had been sworn in as a witness during that inspection and a court record made of what transpired, and the court answered, “No.”
Mr. Schell then testified; his testimony included the following:
“Q. During the course of the several hours that you spent out there on site with [the circuit judge], did you have an opportunity to talk with him?
“A. Yes, sir.
“Q. Did you talk about the issues in this case?
“A. We talked about the survey and issues in the case.
“Q. Did he ask you questions?
“A. Lots of questions.
“Q. Did you give him answers?
“A. Lots of answers.
“Q. Did they pertain to this case, issues in this case?
“A. Yes, sir, very explicitly.”
The court did not rule on the motion within 90 days, so it was deemed denied by operation of law. Rule 59.1, Ala.R.Civ.P.
In Jones v. Henderson, 513 So.2d 1020 (Ala.1987), the Court reversed a judgment in a boundary line dispute, because the circuit court had viewed the property with the defendants’ attorney but without the plaintiffs’ attorney’s having had notice or the opportunity to be present. The Court held that the proceedings violated the plaintiffs’ right to due process of law.
The Jones Court cited Mutual Service Funeral Homes v. Fehler, 257 Ala. 354, 58 So.2d 770 (1952), and C. Gamble, McElroy’s Alabama Evidence, § 208.02 (3d ed.1977), for the proposition that “there is no absolute requirement that the judge give the parties notice that he is going to view the property or to afford them an opportunity to be present.” 513 So.2d at 1022. However, the Jones Court also cited Adalex Construction Co. v. Atkins, 214 Ala. 53, 106 So. 338 (1925). In Adalex Construction, the circuit court in equity referred a matter to the register for a hearing and findings. The register viewed the house as to which the plaintiff contractor claimed an amount for work and labor done and as to which the defendant asserted, among other things, that the workmanship was defective. The register found for the contractor, but the court took a view of the property without notice to the parties, and it entered a judgment for the owner. This Court reversed, holding that the register’s findings were entitled to a presumption of *793 correctness and that no showing of error in them supported a refusal to enter a judgment consistent with those findings. In discussing the circuit court’s view of the property, the Court said:
“Should the court give notice to the parties of his purpose to make inspection with an opportunity to be present by counsel? It is assumed, as of course, that in making an inspection, in the absence of and without notice to the parties, the court exercised all the safeguards he would have thrown about a jury in making an inspection. But it is the wise policy of the law that, in receiving evidence of any kind in judicial proceedings, it should, so far as practical, be done in the presence of the parties, or with opportunity to be present. We commend this as a rule of judicial propriety in making inspections.”
214 Ala. at 56, 106 So. at 341.
We recognize that this Court in Mutual Service Funeral Homes v. Fehler, supra, and in other cases cited therein, has held that it is ordinarily not reversible error for a trial court in a nonjury proceeding to view the property in dispute without giving the parties notice or an opportunity to be present. However, the Court in Adalex Construction commended the “wise policy” of receiving evidence with the parties present or having had the opportunity to be present as “a rule of judicial propriety in making inspections.” The Court repeated that commendation in Jones v. Henderson.
In this case, the circuit judge took a view of the property with a witness present, and while viewing the property the judge asked, and received answers to, “lots of questions” pertaining “explicitly” to the issues in the case. The issues in the ease are quite complex, with the boundaiy line between the parcels having been shown in three different locations by three different surveyors over a number of years. In 1953, the northwest quarter of section 10 was divided among the heirs of Frank Roberts by division into 10 lots, each running 266 feet from east to west and about 2660 feet from north to south. Orville Roberts received the westernmost of these lots. The evidence indicates that the survey according to which the 10 lots were divided placed the section line about 250 feet further west than the circuit court’s judgment places it.[1] It appears that under this judgment Orville Roberts’s heirs could lose substantially all of the land they appeared to own under the survey on which they relied.
In this case, the court received a considerable amount of evidence from the surveyor and by walking the proposed boundary lines. The parties were not given the opportunity to be present. If they had been present, they might have been able to point out facts that were not emphasized by the questions asked by the judge or by the answers given by the surveyor; they might have had further questions for the surveyor. After the court held its hearing on the motion for a new trial, the 90-day period for ruling on that motion expired without the circuit court’s having issued an order. Under the circumstances of this case, we think the best practice would be to remand the cause for the circuit court to have an opportunity to issue a written order in response to the contention by the Roberts heirs that they should have been afforded the opportunity to be present when the circuit judge viewed the property with the surveyor. Therefore, the cause is remanded for entry of an order in response to the motion for a new trial or for further proceedings in the trial court’s discretion.
REMANDED.
SHORES, HOUSTON, KENNEDY and COOK, JJ., concur.

. Yet another survey placed the line intermediate between the line advocated by the defendants and the line advocated by the plaintiffs.